```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MICHAEL NIKOA BENNETT, | 1:18-cv-09191-NLH-AMD |
| Plaintiff, | **OPINION** |
| v. | |
| PEPSI BOTTLING GROUP, | |
| Defendant. | |

**APPEARANCES:**

LEONARD NIKOA BENNETT
11 SUSSEX PLACE
ABSECON, NJ 08205
    Appearing pro se

JEFFREY ALAN SHOOMAN
FORD HARRISON LLP
300 CONNELL DRIVE
SUITE 4100
BERKELEY HEIGHTS, NJ 07922
    On behalf of Defendant

**HILLMAN, District Judge**

On May 14, 2018, Defendant, Pepsi Bottling Group, LLC,[1] removed Plaintiff's case from New Jersey Superior Court to this Court. Defendant's notice of removal stated that this Court has jurisdiction over this matter based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332(a). The notice averred that Plaintiff is a

---

[1] Defendant explains that the proper name of Plaintiff's employer is Bottling Group, LLC.

citizen of New Jersey, and Defendant is a citizen of New York. (Docket No. 1 at 3.)

On May 16, 2018, the Court issued an Order to Show Cause as to why the action should not be remanded because the Notice had not articulated Defendant's citizenship in sufficient detail to establish subject matter jurisdiction under § 1332(a).[2] (Docket No. 4.) The Notice averred, "[Pepsi] Bottling Group, LLC is an indirect subsidiary of PepsiCo, Inc., a North Carolina Corporation with its principal place of business in Purchase, New York. [Pepsi] Bottling Group, LLC is a Delaware registered company with its principal place of business in White Plains, New York." The Court pointed out, however, that the citizenship of an LLC is determined by the citizenship of each of its members, not where it has a principal place of business, or under which state's law it is established. The Court further

---

[2] Federal courts have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation. Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010); Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015) (citations omitted) ("The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between ... citizens of different States' where the amount in controversy exceeds $75,000. For over two hundred years, the statute has been understood as requiring complete diversity between all plaintiffs and all defendants, even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, no plaintiff [may] be a citizen of the same state as any defendant.").

pointed out that if a member of an LLC is another LLC, a corporation, or a limited partnership, then each member of the LLC, or each partner in the limited partnership, must be identified and its citizenship pled, and for any such member or partner that is a corporation, the state of incorporation and its principal place of business must similarly be identified and pled.[3]

On May 31, 2018, Defendant responded to the Order to Show Cause.  (Docket No. 9.)  Defendant relates that Bottling Group LLC's two members are Bottling Group Holdings, LLC and Pepsi Bottling Holdings, Inc.  Defendant further relates that Pepsi Bottling Holdings, Inc. is a citizen of Delaware and New York. As for Bottling Group Holdings, LLC, Defendant relates that after it removed the action it became aware a member of Bottling Group Holdings, LLC is Pepsi-Cola Metropolitan Bottling Company, which is incorporated in New Jersey.

Thus, it is clear that because one of the members of Bottling Group Holdings, LLC is a New Jersey citizen so is Bottling Group Holdings, LLC and because Bottling Group Holdings, LLC is a New Jersey citizen and a member of Bottling

---

[3] See Zambelli, 592 F.3d at 420 ("[W]here an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC.")(quoting Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003)).

Group LLC so too is Defendant Bottling Group LLC a citizen of New Jersey.  Thus, because the citizenship of Plaintiff and Defendant is not diverse, this Court lacks subject matter jurisdiction over the matter under 28 U.S.C. § 1332(a), and the case must be remanded.[4]  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

An appropriate Order will be entered.


Date:  June 22, 2018             s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[4] Defendant's New Jersey citizenship also causes the removal to be improper under 28 U.S.C. § 1441(b)(2), which provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."